UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JEFFREY A. ASHLINE
                                                                PRISONER
    v.                                           Case No.  3:05CV1028(SRU)

NANCY MARTINEZ, ET AL.

RULING AND ORDER

       Jeffrey A. Ashline, currently incarcerated at the Northern Correctional Institution in Somers, Connecticut, filed this civil rights action pro se, alleging violations of 42 U.S.C. § 1983. Ashline seeks an order directing the defendants to comply with a state statute governing the waiver of fees to commence a civil action in small claims court. For the reasons set forth below, the complaint is dismissed.

I.      Facts

       Ashline alleges that on April 12, 2005, he mailed a small claims complaint and application to proceed without payment of fees to the Connecticut Superior Court in Manchester, Connecticut. He sought to sue a correctional officer who allegedly used excessive force against him. On April 20, 2005, Nancy Martinez, a Data Terminal Operator for the Small Claims Court, returned Ashline's papers to him and requested that he remit the filing fee of $35.00 because a judge had denied his application for waiver of fees. On May 9, 2005, Ashline requested a hearing on the decision to deny his application for waiver of fees. On May 9, 2005, defendant Norko denied the request for a hearing without explanation. On May 11, 2005, Nancy Martinez again requested that Ashline submit the filing fee to commence the action. On May 25, 2005, Ashline wrote letters to all of the defendants demanding that they let him proceed without

payment of fees and threatening to sue them if they did not.  Chief Clerk Robin Smith acknowledged receipt of Ashline's letter.  None of the other defendants acknowledged receipt of the letter or responded to it.  Ashline seeks declaratory and injunctive relief as well as monetary damages.

II.     Standard of Review

Ashline has met the requirements of 28 U.S.C. § 1915(a) and has been granted leave to proceed in forma pauperis in this action.  Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i) - (iii).  Thus, the dismissal of a complaint by a district court under any of the three enumerated sections in 28 U.S.C. § 1915(e)(2)(B) is mandatory rather than discretionary.  See Cruz v. Gomez, 202 F.3d 593, 596 (2d Cir. 2000).  This requirement applies both where the inmate has paid the filing fee and where he is proceeding in forma pauperis.  See Carr v. Dvorin, 171 F.3d 115 (2d Cir. 1999) (per curiam).

"When an in forma pauperis plaintiff raises a cognizable claim, his complaint may not be dismissed sua sponte for frivolousness under § 1915(e)(2)(B)(i) even if the complaint fails to 'flesh out all the required details.'"  Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (quoting Benitez v. Wolf, 907 F.2d 1293, 1295 (2d Cir. 1990)).

> An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  A claim is

> based on an "indisputably meritless legal theory" when either the claim lacks an arguable basis in law, Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam), or a dispositive defense clearly exists on the face of the complaint. See Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995).

Livingston, 141 F.3d at 437.  The court exercises caution in dismissing a case under section 1915(e) because a claim that the court perceives as likely to be unsuccessful is not necessarily frivolous.  See Neitzke v. Williams, 490 U.S. 319, 329 (1989).

A district court must also dismiss a complaint if it fails to state a claim upon which relief may be granted.  See  28 U.S.C. § 1915(e)(2)(B)(ii) ("court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal . . . (ii) fails to state a claim upon which relief may be granted"); Cruz, 202 F.3d at 596 ("Prison Litigation Reform Act . . . which redesignated § 1915(d) as § 1915(e) [] provided that dismissal for failure to state a claim is mandatory").  In reviewing the complaint, the court "accept[s] as true all factual allegations in the complaint" and draws inferences from these allegations in the light most favorable to the plaintiff.  Cruz, 202 F.3d at 596 (citing King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999)).  Dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) is only appropriate if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Id. at 597 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  In addition, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim," the court should permit "a pro se plaintiff who is proceeding in forma pauperis" to file an amended complaint that states a claim upon which relief may be granted.  Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999).

A district court is also required to dismiss a complaint if the plaintiff seeks monetary damages from a defendant who is immune from suit. See 28 U.S.C. § 1915(e)(2)(B)(iii); Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998) (affirming dismissal pursuant to section 1915(e)(2)(B)(iii) of official capacity claims in section 1983 action because "the Eleventh Amendment immunizes state officials sued for damages in their official capacity").

In order to state a claim for relief under section 1983 of the Civil Rights Act, the plaintiff must satisfy a two-part test. First, the plaintiff must allege facts demonstrating that the defendant acted under color of state law. Second, the plaintiff must allege facts demonstrating that he has been deprived of a constitutionally or federally protected right. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982); Washington v. James, 782 F.2d 1134, 1138 (2d Cir. 1986).

III.   Discussion

Ashline alleges that the defendants violated Connecticut General Statutes § 52-259b when they denied his application for waiver of fees and a hearing on the denial in connection with a case filed in Small Claims Court in Manchester, Connecticut. An action pursuant to 42 U.S.C. § 1983 is available to redress violations of rights guaranteed by the federal constitution, laws or treaties. Section 1983 may not be used to seek redress for violations of state law by state officials. See Doe v. Connecticut Dep't of Child and Youth Servs., 911 F.2d 868, 869 (2d Cir. 1990) (violation of state law does not give rise to a section 1983 claim).

Here, Ashline alleges that state judicial officials violated a Connecticut statute. To that extent, his complaint fails to state a claim cognizable under section 1983 for violation of his rights under state law. In addition, Ashline cannot transform his state law claim into a federal claim by seeking a declaration of his rights under state law. The Declaratory Judgment Act, 28

U.S.C. § 2201, does not expand the jurisdiction of the federal courts.  It cannot be used to confer federal jurisdiction over a suit seeking the declaration of rights under state law.  See, e.g., Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950); People of State of Ill. ex rel Barra v. Archer Daniels Midland Co., 704 F.2d 935, 941 (7th Cir. 1983).  Accordingly, all Ashline's claims that defendants violated state law are dismissed.  See 28 U.S.C. § 1915(e)(2)(B)(i).

Ashline also alleges that the defendants violated his federal constitutional rights to access to courts when they denied his application for waiver of fees and for a hearing to address the denial of the application.  In Lewis v. Casey, 518 U.S. 343 (1996), the Supreme Court clarified what is encompassed in an inmate's right of access to the courts and what constitutes standing to bring a claim for the violation of that right.  First, the Court held that to show a violation of his right of access to the courts, an inmate must allege an actual injury.  Id. at 349.  The fact that an inmate may not be able to litigate effectively once his claim is brought before the court is insufficient to demonstrate actual injury.  Id. at 355.  Rather, the inmate must show that he was unable to file the initial complaint or petition, or that the complaint he filed was so technically deficient that it was dismissed without a consideration of the merits of the claim.

Ashline alleges that he was unable to file his case in small claims court because the defendants would not let him proceed without paying the filing fee.  The claim he sought to litigate involved an allegation that a correctional officer used excessive force against him during an assault that occurred in 2004.  Ashline does not allege that he was unable to seek redress regarding this claim by filing an application to proceed without payment of fees and a civil rights or personal injury complaint in the Connecticut Superior Court or in this court.  In fact, state

court records reveal that Ashline filed a habeas petition and application for waiver of fees in June 2005, after he attempted to file an action in the small claims court.  See Ashline v. Warden, State Prison, TSR-CV-05-4000476-S.  The court concludes that Ashline has not alleged that he was prejudiced or harmed by the defendants' conduct in denying his application for waiver of fees.  Because Ashline has not alleged that he suffered an actual injury, his access to the courts claim as currently set forth in the complaint fails under Lewis, 518 U.S. at 349, and is dismissed.  See 28 U.S.C. § 1915(e)(2)(B)(ii).

IV. Conclusion

The complaint is **DISMISSED**.  See 28 U.S.C. § 1915(e)(2)(B) (i) and (ii).  It is certified that any appeal in forma pauperis from this order would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a).

SO ORDERED this 17th day of January, 2006, at Bridgeport, Connecticut.

  /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge